UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-566-EHJ

WILLIAM C. JACKSON                                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of William Jackson ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr.), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

PROCEDURAL HISTORY

On June 17, 2004 , Claimant filed application for Supplemental Security Income payments, alleging that he became disabled as of March of 2002. After a hearing, Administrative Law Judge Roland D. Mather ("ALJ") determined that Mr. Jackson's degenerative disc disease with mild spinal stenosis and morbid obesity were severe impairments that prevented him from performing any of his past gainful employment. The ALJ further found that claimant retained the residual functional capacity for a substantial number of jobs. This became the final decision of the defendant Commissioner when the Appeals Council denied review on September 6, 2006.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff testified that he can stand only four to five minutes without leaning against a wall [Tr. 252], has back pain if he sits longer than thirty to forty minutes, and is unable to lift his fifty pound six year old [Tr. 253]. The ALJ found the credibility of the testimony regarding severity of symptoms/limitations "only fair at best" [Tr. 15].

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added].

An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each

other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987). Mr. Jackson contends that the determination regarding the severity of his back problem is not supported by substantial evidence.

To support his credibility determination, the ALJ pointed to the fact that plaintiff was laid off from his last job in 1996 (prior to his claimed March 2002 date of onset of disability). He last worked for wages in 1996. After that, he took care of his mother, who had Parkinson's Disease [Tr. 240-241]. She died in June 2002. Plaintiff alleges no specific back injury. His treatment has been inconsistent [See, e.g., Tr. 116-119, Tr. 227]. He has been non-compliant with physical therapy [Tr. 218]. He has not been prescribed a brace, a TENS unit, or a cane, and he does no exercises. Furthermore, he admits that he takes care of this six year old son, makes the beds, does dishes, laundry and some housekeeping, attends church, and drives a stick shift pickup truck [Tr. 246-250].

Claimant points to the January 25, 2006 MRI report that reflects mild bulging at S1-S2 with mild to moderate impingement. Tr. 236. However, only three months before this study, plaintiff reported to his pain management physician that he was doing "pretty good." Tr. 230. Furthermore, Mr. Jackson conceded at the hearing that his pain medication is effective in relieving his pain, "unless it is real severe which is not very often." Tr. 258. The Court concludes that substantial

3

evidence supports the ALJ's credibility determination and there was no error of law in this analysis.

Mr. Jackson further contends that the ALJ erred as a matter of law in failing to make explicit findings regarding ability to sit, stand or walk for extended periods of time. However, such findings are clearly included within the finding that plaintiff could perform medium work with certain specific restrictions. Title 20 C.F.R. Sec. 404.1567 provides that for social security disability purposes, "medium" work has the same meaning as in the Department of Labor's Dictionary of Occupational Titles; therefore, a determination that someone can do "medium" work necessarily includes an assessment regarding ability to stand and walk about.[1] To this overall category, the ALJ added additional restrictions, including no work with ladders, roping or scaffolding, no work at unprotected heights, and no work on hazardous machinery. Tr. 264. Within these limitations, the Vocational Expert identified a number of jobs Mr. Jackson could perform.

Thus, it is clear that by declaring plaintiff capable of medium work, the ALJ did make a finding regarding ability to stand and walk. As there is no legal error, then, the only question would be whether substantial evidence supports this finding. Plaintiff contends that the unavailability of the January 2006 lumbar spine MRI report renders the January 2005 residual functional capacity assessment "highly suspect" because of "the many significant objective findings contained in the

---

[1] Appendix C of the Dictionary of Occupational Titles provides, in part, "The strength rating is expressed by one of five terms: Sedentary, Light, Medium, Heavy, and Very Heavy. In order to determine the overall rating, an evaluation is made of the worker's involvement in the following activities: a. Standing, Walking, Sitting Standing - Remaining on one's feet in an upright position at a work station with-out moving about. Walking - Moving about on foot. Sitting - Remaining in a seated position. b. Lifting, Carrying, Pushing, Pulling Lifting - Raising or lowering an object from one level to another (includes upward pulling). Carrying - Transporting an object, usually holding it in the hands or arms, or on the shoulder. Pushing - Exerting force upon an object so that the object moves away from the force (includes slapping, striking, kicking, and treadle actions). Pulling - Exerting force upon an object so that the object moves toward the force (includes jerking)."

MRI report." Plaintiff's brief at 9.

The Court is unable to agree that the MRI report outweighs all other evidence of record, including treatment history, lack of medically imposed restrictions, effectiveness of pain medication, and plaintiff's testimony. Thee MRI report notes nothing beyond mild to moderate abnormalities in the lumbar spine. There was complete absence of bulge or herniation in the lumbar discs until the L5-S1 level. At L5-S1, some mild to moderate narrowing and encroachment was seen, but no effacement or displacement of the nerve root. At S1-S2, there is mild bulging and spurring resulting in mild to moderate impingement into the neural space.[2]  Tr. 236.

An order in conformity has this day entered.

---

[2] The Court notes in passing that the radiologist thought correlation with plain films and/or CT scan might be helpful for better evaluation. Plaintiff did not suggest to the ALJ the need for any such additional evaluation.